(C.D. 4273)

ARTHUR J. HUMPHREYS *v.* UNITED STATES

United States Customs Court, First Division

(Decided September 22, 1971)

*Glad & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.
*L. Patrick Gray, III*, Assistant Attorney General (*Susan Cassell*, trial attorney), for the defendant.

Before WATSON, MALETZ, and RE, Judges

RE, Judge: The legal question presented in this case pertains to the proper classification, for customs duty purposes, of certain pattern stock stipulated to be red cedar. It has been assessed with duty at the rate of 16⅔ per centum ad valorem under paragraph 412 of the Tariff Act of 1930, as modified by T.D. 52373 and T.D. 52476, as "Manufactures of wood * * * not specially provided for".

Plaintiff has duly protested the classification. It contends that this pattern stock should have been admitted free of duty under paragraph 1803(1) of the Tariff Act of 1930, as amended, which covers "Wood: * * * sawed lumber * * * not further manufactured than planed, and tongued and grooved", and taxable under section 4551(1) of the Internal Revenue Code of 1954.

Alternatively, plaintiff claims that the pattern stock in issue is dutiable at 10 per centum ad valorem under paragraph 1558 of the Tariff Act of 1930, as modified, as nonenumerated manufactured articles, or at 8 per centum ad valorem under paragraph 405 of that act, as modified, as unmanufactured wood, not specially provided for.

The pertinent statutory provisions may be set forth as follows:

Classified under:

Paragraph 412, Tariff Act of 1930, as modified by T.D. 52373 and T.D. 52476:

"Manufactures of wood or bark, or of which wood or bark is the component material of chief value, not specially provided for:

* * * * * * *

Other (except * * *) _____ 16⅔% ad val."

Claimed under:

Paragraph 1803(1), Tariff Act of 1930, as amended by T.D. 47117 and T.D. 53584:

"Wood:
(1) * * * sawed lumber * * * not further manufactured than planed, and tongued and grooved * * * [Free]."

Alternatively claimed under:

Paragraph 1558, Tariff Act of 1930, as modified by T.D. 52739 and T.D. 52827:

"Articles manufactured, in whole or in part, not specially provided for * * *_____ 10% ad val."

Paragraph 405, Tariff Act of 1930, as modified by T.D. 55816:

"Wood unmanufactured, not specially provided for _____ 8% ad val."

In addition to the entry papers, the record in this case consists of a quantity of exhibits, together with the testimony of the manager of Lamford Cedar, Ltd., who testified for the plaintiff. It establishes that the pattern stock in question, imported in random lengths, has been manufactured from rough sawn lumber by being run through a planer-matcher or molding machine. It is then cut to stock length from three to eighteen feet. After importation it is further manufactured by being cut to size, compound mitered, and spline nailed to form the top or sides of a casket. In its brief, plaintiff stresses that an additional component must be added in the United States before the imported pattern stock is utilized.

At the trial, plaintiff moved for the incorporation of the record in the case of *Bailey-Mora Company, Inc., et al.* v. *United States*, 57 Cust. Ct. 99, C.D. 2737 (1966). The trial judge reserved decision on plaintiff's motion and thus left the decision to this division of the court.

Plaintiff places great reliance on the holding and reasoning of the *Bailey-Mora Company* case since it held that certain wood moldings, which had a single use as "stair rails, screen frames or door astragals," were nevertheless lumber under the appropriate provision of the Tariff Act of 1930. The *Bailey-Mora Company* case, after reviewing many

of the pertinent cases, indicated that a provision for lumber, not further advanced than sawed and planed, includes all forms of such lumber not more specifically described in any other tariff paragraph. It is plaintiff's position that the pattern stock, in the case at bar, used in making caskets falls squarely within the test for lumber applied in the *Bailey-Mora Company* case.

The following statements from the *Bailey-Mora Company* case are clearly applicable to the present case:

> "According to the testimony herein, the merchandise was produced on molding machines in the same way as that involved in the *Best* case [51 CCPA 7, C.A.D. 829 (1963)]. * * * the evidence indicates that the merchandise was produced and sold in random lengths, the length being determined by the lumber. There is also evidence that moldings may be in very intricate profiles or less so; that the output of molding machines are finished moldings, ready for use except for cutting to length, and that smaller machines are used to produce smaller patterns, and vice versa.
>
> "The principal dispute between the parties * * * is whether the items here have been so dedicated to a single specific use as to take them out of the classification of sawed lumber, not further advanced than planed." 57 Cust. Ct. at 102–03.

Since the case at bar deals with questions of law and fact substantially the same in character as those in the *Bailey-Mora Company* case, the motion to incorporate the record of that case is hereby granted under Rule 20 of the rules of this court which were in effect at the date of the trial herein. Moreover, it is quite clear that the decision of that case fully supports plaintiff's position in the case at bar.

In addition to the *Bailey-Mora Company* case, several other decisions support the claim of the plaintiff for the free entry of the controverted merchandise. In *Border Brokerage Co. et al. v. United States*, 52 Cust. Ct. 204, C.D. 2461 (1964), one and two-piece pattern stock, planed, bullnosed, and grooved, and designed only for use in the manufacture of drawer sides, was held to be lumber admissible free of duty under paragraph 1803(1) of the Tariff Act of 1930. Holding that the drawer side stock was lumber, since it required further manufacture after importation, the court made the following statements that are likewise applicable here:

> "In the light of the cited judicial authorities, coupled with the dictionary definitions hereinabove identified, we hold that bullnosing, easing, and grooving the pattern stock, prior to importation, were nothing more than a combined planing process, that the processing did not change the *per se* character of the lumber, and that the commodity was merely wood material, lumber, before the multiple operation was applied thereto, and it was wood material, lumber, when it emerged therefrom.
>
> \* \* \* \* \* \* \*
>
> "On the basis of the combined records before us and for all of the reasons stated herein, as well as those set forth in the *McKenzie*

case [39 Cust. Ct. 52, C.D. 1903 (1957)], we hold the 1-piece stock and the 2-piece stock involved herein to be material, lumber, not further manufactured than sawing, planing, and tonguing and grooving, designed to be used and fit only for use in the manufacture of drawer sides; that the present merchandise, in its condition as imported, was not drawer sides but required further manufacturing effort to make it such; and that, not being otherwise specially provided for, it is properly classifiable under paragraph 1803(1) * * *, as claimed." 52 Cust. Ct. at 210.

Plaintiff asserts that the facts in the case at bar are "identical to those in the *Border Brokerage Co.* case, *supra*, because the pattern stock has not been changed by operations which affect its character as lumber and because it still requires further work by cutting to length, mitering, and gluing after importation." (Plaintiff's brief, p. 14)

As additional support for its principal claim, that the pattern stock at bar is classifiable as lumber and hence is duty free, plaintiff cites the case of *Acme Venetian Blind & Window Shade Corp.* v. *United States*, 56 Cust. Ct. 563, C.D. 2704 (1966). In the *Acme Venetian Blind & Window Shade Corp.* case the court held that certain slats, imported in particular thicknesses and widths, were admissible duty free under paragraph 1803(1) of the Tariff Act of 1930, as lumber even though they were dedicated to a particular use. In the course of its opinion, the court stated:

"* * * wood products not processed beyond sawing and planing, etc. [including molding], do not lose their character as lumber by reason of being dedicated to a particular use unless they are a new and different article, having a specific name and function, or an unassembled part thereof. This was our holding in the *Border Brokerage* case, * * * where the wood stock was dedicated to become drawer sides, to the exclusion of all other uses, but had operations remaining to be performed on it to make it a drawer side ready for assembly in a finished drawer." 56 Cust. Ct. at 570.

After the trial of this case, and the submission of plaintiff's brief, the defendant requested, and was granted permission, that it be relieved from the filing of a brief. Defendant's request was made in view of the record in the case, and its agreement with plaintiff's claim that the merchandise in issue had not been properly classified as manufactures of wood under paragraph 412 of the Tariff Act of 1930. Defendant conceded that it was properly classifiable under paragraph 1803 of that act as sawed lumber not further manufactured than planed, and tongued and grooved.

Defendant's concession is fully warranted by the record which reveals that the pattern stock in issue has not lost its character as lumber, and that under the applicable judicial authorities it is properly classifiable, as claimed, under paragraph 1803(1) of the Tariff

Act of 1930, as amended, as "sawed lumber * * * not further manufactured than planed, and tongued and grooved".

Upon the record presented and the concession thus made by the defendant, it is the determination of the court that the pattern stock in issue is properly classifiable under paragraph 1803(1) of the Tariff Act of 1930, as amended, and hence duty free, and that it is subject to the prevailing rate of tax, under section 4551(1) of the Internal Revenue Code of 1954, at the time of importation. It is unnecessary, therefore, to pass upon plaintiff's alternative claims that it is classifiable under paragraph 405 or 1558 of the Tariff Act of 1930, as modified.

In view of the foregoing, the presumption of correctness that attaches to the classification of the customs officials is deemed to have been successfully rebutted, and the protest is sustained. Judgment will issue accordingly.